**SO ORDERED.**

**SIGNED this 15 day of November, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

HAZEL INEZ BROWN,                    CASE NO. 11-06998-8-JRL
                                     CHAPTER 13
    DEBTOR.

_____

# O R D E R

This matter came before the court on Wells Fargo Bank. N.A.'s motion for *in rem* relief from the automatic stay. A hearing was held on October 27, 2011, in Raleigh, North Carolina.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## BACKGROUND

Hazel Inez Brown ("debtor") filed a petition for relief under chapter 13 of the Bankruptcy Code on September 13, 2011. Wells Fargo holds a note secured by a deed of trust on the debtor's

property at 520 East End Avenue, Durham, North Carolina. The debtor has not made a payment since June 2008, and the loan is past due.

The debtor has attempted several times to prevent the foreclosure action initiated by Wells Fargo in September of 2008. She appealed the order of foreclosure, but it was affirmed on May 15, 2009, by a superior court judge. Next, the debtor appealed to the North Carolina Court of Appeals, but took a dismissal after failing to comply with appellate deadlines. The sale was held on August 26, 2009, and Wells Fargo made the highest bid. On September 21, 2009, debtor's daughter-in-law placed an upset bid. She has never paid the bid amount, and the trustee has asked for entry of an order of resale. The debtor has somehow managed to continue several hearings on this matter. The foreclosure has not been completed.

The debtor has initiated two civil suits against Wells Fargo in the past two years. On September 3, 2009, the debtor filed a lawsuit in Durham County Superior Court claiming that Wells Fargo improperly force-placed insurance on the property. A motion for a temporary restraining order filed at the same time was denied. The debtor never moved forward with the case, failing to serve the defendants with the summons and complaint. After Wells Fargo removed the first civil suit to the United States District Court and filed a motion to dismiss, the debtor filed a notice of voluntary dismissal. After foreclosure proceedings resumed, debtor re-filed the civil suit in Durham County Superior Court; currently, the case has been pending for a year with no service on the defendants. It has since again been removed to federal court.

Debtor first filed for relief pro se under chapter 13 of the Bankruptcy Code on May 10, 2011. Debtor failed to file the appropriate schedules and required documents, and the case was dismissed automatically on June 27, 2011 pursuant to 11 U.S.C. § 521(i).

DISCUSSION

Wells Fargo argues that the court should allow *in rem* relief under § 362(d)(4) because the filing of the most recent bankruptcy petition was part of a scheme to delay, hinder, and defraud it. It argues that the debtor's pattern of delaying the foreclosure for three years meets the standard of § 362(d)(4). The debtor argues that she and her son have tried earnestly to save the home in question and that there is no fraudulent intent. The debtor wishes to proceed with the bankruptcy case and pay Wells Fargo through her plan.

11 U.S.C. §362(d)(4) states:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay- with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved . . . (B) multiple bankruptcy filings affecting such real property."

The creditor has the burden of establishing a prima facie case as to all the elements in a (d)(4) motion. *In re Poissant*, 405 B.R. 267, 271 (Bankr. N. D. Ohio 2009). The first element of the provision is conjunctive, meaning the movant must prove an intent to hinder, delay, AND defraud the creditor separately. *Id.* at 273. Courts are split on the burden for fraud. Some have used the traditional elements of fraud. *Id.* at 274. Other courts use a less formal approach: fraud "embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain advantage over another . . . [I]t includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *In re Wilke*, 429 B.R. 916, 922 (Bankr. N. D. Ill. 2010). In cases using the multiple bankruptcy filings prong of the test, courts have granted *in rem* relief in cases that had serial bankruptcy filings. For example, in *In re*

*Wilke*, the court noted that "[the debtor] used the Bankruptcy Code's automatic stay on five separate occasions to delay and hinder the Association's efforts." *Id.* at 923. The debtor in *Poissant* also had five prior bankruptcy filings. *Poissant*, 405 B.R. at 269.

This case does not rise to the level of fraud. While the debtor did intend to delay the foreclosure, there is insufficient evidence offered by the creditor that the debtor attempted to defraud the creditor. In this case, the debtor has paid her fees and filed her schedules, albeit on the last day allowed. The debtor understands she will have to pay her mortgage or will lose the house.

More critically, this is only the second bankruptcy filing: and, in part because the first filing was *pro se*, this case does not rise to the level of other cases that have approved § 362(d)(4) motions. Two filings alone, in the absence of other evidence, do not illustrate a scheme to defraud. The first bankruptcy case was dismissed because the debtor did not understand the process of filing, not because she filed in bad faith to delay the creditors. In the present case, the debtor did file her schedules on the last day and make the appropriate payments. While the civil filings are part of the scheme to delay, the civil filings cannot count toward the "multiple *bankruptcy* filings" prong of the test. The court is hesitant to adopt a rule where "multiple" means as few as two. Finally, Wells Fargo has successfully had the stay lifted under §§ 362 (d)(1) and (2). It may now foreclose on the property and has time to do so.

Based on the foregoing, the motion for in rem relief under § 362(d)(4) is **DENIED**.

**END OF DOCUMENT**